**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 26, 2025**

# In the Court of Appeals of Georgia

A25A0855. THOMPSON v. THE STATE.

PADGETT, Judge.

Following a jury trial, Chevaune Thompson[1] was found guilty of voluntary manslaughter, as a lesser included offense of malice murder and felony murder, aggravated assault and possession of a firearm during the commission of a felony.[2]

---

[1] The trial court noted in its Consolidated Order on All Pretrial Motions that Thompson's legal name is Chevaune Shanice Thompson Vanover but she waived any defect in the indictment relating to her legal name.

[2] The trial court correctly found that one of the voluntary manslaughter charges was vacated by operation of law and that the aggravated assault charge merged with the voluntary manslaughter count. Therefore, Thompson was convicted of one count of voluntary manslaughter and one count of possession of a firearm during the commission of a felony.

Thompson filed a timely motion for new trial which was ultimately denied by the trial court. Thompson now appeals her convictions.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence." *Rodriguez v. State*, 375 Ga. App. 283, 283 (916 SE2d 10) (2025) (citation and punctuation omitted). When the defendant does not challenge the sufficiency of the evidence supporting her convictions, "we review only the evidence presented at trial that is relevant to [Thompson's] enumerations of error and any factual background needed to provide context for them." Id. (citation and punctuation omitted).

The record shows that Thompson was involved in a romantic relationship with the victim for several years and that they lived together for a significant period of time. The victim operated a business and hired Thompson to also work at the business. On June 2, 2023, the victim failed to come to work, and an employee called him to determine whether he would be coming in that day. The victim answered and indicated he would be coming into the office later. When the victim did not arrive within the next couple of hours, the employee called back to the victim's cell phone

and did not receive an answer. The employee called again and Thompson answered the victim's phone. The employee asked whether everything was okay; Thompson replied that things were not okay and that she had shot the victim. The employee urged Thompson to call 911 and told Thompson that she would be in route to their house. As the employee drove to the victim's house, she called 911 herself; the call was played for the jury at trial. Police responded, and once they were able to enter and secure the residence, they took Thompson into custody after finding her sitting on floor next to the victim, who was deceased by the time police entered the residence. Thompson made a custodial statement to law enforcement officials wherein she admitted to shooting the victim and gave varying accounts as to how and why the shooting occurred. Police found the handgun that was used in the shooting in Thompson's car and Thompson admitted that it was the same gun she used to kill the victim.

Thompson raises a single enumeration of error on appeal in which she argues that the trial court erred in admitting hearsay evidence. Prior to trial, the State filed a motion in limine seeking, among other things, to have two statements admitted under the residual exception to hearsay, OCGA § 24-8-807. Specifically, the State

identified a statement made by the victim to his mother in which the victim told her that he wanted to break up with Thompson but that Thompson had said that she would kill the victim if he ever left her ("Mother Statement"). Additionally, the State identified a statement the victim made to the employee a couple of weeks before the shooting, in which the victim told the employee that Thompson had taken possession of his handgun from his vehicle and had not returned it ("Employee Statement"). There is no transcript of that motion hearing in the record before us. However, there is a detailed order from the trial court resolving the various issues raised in the pretrial hearing.

Ultimately, the trial court made the following findings relative to the Mother Statement:

> After consideration of the State's Motion as to the testimony of [the mother], the Court finds the statements are admissible as testimony regarding prior difficulties between the victim and the Defendant. The admission of the statement(s) are conditioned upon the State's ability to show sufficient particularized guarantees of trustworthiness at trial, and subject to the Defendant's objections in that regard and any request to voir dire the witness outside the presence of the jury regarding the "hearsay and the reliability" and "particularized guarantees of trustworthiness" at trial. See *Leger v. State*, 291 Ga. 584, 589 (2012).

The trial court made a virtually identical finding as to the Employee Statement. At the motion for new trial hearing, Thompson's appellate counsel stated, "I will concede that [trial counsel] did not object to the testimony [during the trial]." The same acknowledgments were made in the briefing to this Court. Thompson now claims that the admission of these two statements constituted reversible error. We disagree.

The trial court's pretrial order first found that the two statements qualified as prior difficulties between the parties under OCGA § 24-4-404 (b). Whether evidence qualifies as prior difficulties between the parties is a matter of relevance and has no bearing on whether the evidence constitutes hearsay or fits within any of the exceptions to the hearsay rule. The trial court found that the two statements constituted evidence of prior difficulties between the parties and were therefore relevant. Thompson does not assert fault with that conclusion by the trial court. Instead, Thompson alleges that the two statements do not meet the requirements of OCGA § 24-8-807 relating to the residual exception to the hearsay rule.

OCGA § 24-8-802 provides: "[h]earsay shall not be admissible except as provided by this article; provided, however, that if a party does not properly object to hearsay, the objection shall be deemed waived, and the hearsay evidence shall be legal

5

evidence and admissible." OCGA § 24-8-807 sets forth the residual exception to hearsay rule. It provides that a statement not otherwise specifically covered by any law but "having equivalent circumstantial guarantees of trustworthiness shall not be excluded by the hearsay rule, if the court determines that:

> (1)  The statement is offered as evidence of a material fact;
>
> (2)  The statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and
>
> (3)  The general purposes of the rules of evidence and the interests of justice will best be served by admission of the statement into evidence.[3]

OCGA § 24-8-807.

"Under Rule 807, a trial court's decision to admit hearsay evidence is reviewed for an abuse of its discretion." *Hall v. State*, 371 Ga. App. 606, 612 (2) (901 SE2d 743) (2024) (citation and punctuation omitted). "An appellate court should be 'particularly hesitant to overturn a trial court's admissibility ruling under the residual hearsay exception absent a definite and firm conviction that the court made a clear error of

---

[3] Rule 807 goes on to address pretrial notice requirements which are not at issue in this appeal.

judgment in the conclusion it reached based upon a weighing of the relevant factors.'" Id. (citation omitted). "A trial court should consider the totality of the circumstances in determining whether to admit evidence pursuant to OCGA § 24-8-807." *Reyes v. State*, 309 Ga. 660, 668 (2) (b) (847 SE2d 194) (2020).

In its pretrial order, the trial court cited several cases in support of its rulings on the admissibility of the Mother Statement and the Employee Statement. However, some of those cases predate the 2013 overhaul of our evidence code and were based upon what was formerly known in Georgia as the necessity exception to the hearsay rule. As our Supreme Court has noted, "[c]ases decided under the 'necessity' exception to the hearsay rule in Georgia's former Evidence Code are thus not applicable to the interpretation of OCGA § 24-8-807 and should not be relied on by trial courts in determining whether to admit evidence." *Reyes*, 390 Ga. at 666 (2) (a) (citation omitted). However, any error in relying upon the prior body of case law was harmless because it is clear from the trial court's order that it ultimately relied upon the appropriate evidentiary standard. *State v. Kenney*, 315 Ga. 408, 417 (3) (a) (883 SE2d 298) (2023).

After finding that the two statements qualified as prior difficulties between the parties under Rule 404, the trial court's pretrial order made it clear that admissibility of the two statements was conditioned upon any objection or request to voir dire the witnesses by Thompson during the trial to determine "hearsay and the reliability" and "particularized guarantees of trustworthiness." However, as the trial court's order made clear, the obligation to establish those "particularized guarantees of trustworthiness at trial" remained the State's obligation as the proponent of the evidence and the State had the burden of establishing facts to support a finding that the residual exception applied to the facts of this case. The trial court's order had the effect of a final ruling as to the admissibility of the statements under Rule 404 but also made no final determination as to the admissibility of the evidence under Rule 807.

In the opening words of the prosecutor's opening statement, she paraphrased the Mother Statement without seeking further ruling from the trial court. There was no objection made by Thompson. Later during opening statements, the prosecutor again referenced the Mother Statement and Thompson made no objection. During the direct examination of the mother, the prosecutor asked the mother whether she recalled certain statements she had made during her interviews with law enforcement.

8

After a vague response from the mother, the prosecutor asked her, "I'm directing your attention specifically about if she left him. [sic] Do you remember what [the victim] said?" Counsel for Thompson interjected, "Judge, just note my objection for the record, Judge." The trial judge acknowledged the statement made by counsel and the witness answered the question, but then testified that the victim apparently did not believe Thompson's threats to be credible. No further objections were raised by Thompson and there was never a request made to voir dire the witness. There were no objections raised to the Employee Statement when the employee was asked about it during her testimony.

The contemporaneous objection requirement set forth in OCGA § 24-8-802 sets forth an important requirement and places the burden on the parties to raise timely objections during trial. The purpose of the contemporaneous objection rule is to afford an opportunity for the trial court to remediate alleged errors at the time they are made. *Williams v. Harvey*, 311 Ga. 439, 446 (1) (a) (858 SE2d 479) (2021). A "contemporaneous objection must be made at the time an alleged violation of a ruled-upon motion in limine occurs at trial — whether during the presentation of evidence or in opening statements or arguments made by counsel before the factfinder — in

order to preserve the error for appeal." Id. at 447. "This approach is preferable and far more efficient than the alternative, in which the aggrieved party can sit back and make no objection in the hope of either a successful verdict or, in the event of a loss, persuading the trial court or the appellate court to reverse much later in a motion for new trial or on appeal." Id.

The effect of the trial judge's ruling in this case was to advise the parties of what must be established to have the evidence introduced and to establish that the trial court remained open to any contemporaneous objection that Thompson might raise during trial. No such objection was raised. The statement made by trial counsel during the mother's testimony did not constitute a contemporaneous objection. Instead of raising a hearsay objection or otherwise voicing an objection that suggested the testimony was inadmissible, trial counsel merely made a statement which the trial court acknowledged. Trial counsel did not indicate that he wished to voir dire the witness in any manner whatsoever. The trial court's order laid out a mechanism for objections to be raised during trial and Thompson did not take advantage of any of the various procedures suggested within the pretrial order. As to the Employee Statement, trial counsel did not raise any objection or make any reference to the pretrial

proceedings. Under Rule 802, Thompson waived any objections as to both statements, rendering the testimony "legal evidence and admissible." OCGA § 24-8-802.

Even if a timely objection had been made, it is clear that the admission of both statements were harmless. "Under the nonconstitutional harmless-error standard, we examine 'whether it is highly probable that the error did not contribute to the verdict' by 'review[ing] the record de novo and weigh[ing] the evidence as we would expect reasonable jurors to have done so.'" *Pounds v. State*, 320 Ga. 288, 294 (3) (b) (908 SE2d 631) (2024) (citation omitted). "When the error is admitting evidence that should not have been admitted, the harmless-error question turns on how much the wrongly admitted evidence likely mattered to the jury's decision to convict." *Harris v. State*, 321 Ga. 87, 101-102 (2) (b) (913 SE2d 570) (2025).

With those principles in mind, the evidence in this case showed that Thompson and the victim had a tumultuous relationship that was well documented throughout the trial. The defense strategy was to argue that the shooting was the product of a heated argument and not the product of premeditation or malice. The Mother Statement was offered to suggest that the shooting was a premeditated act or to evidence Thompson's state of mind leading up to the homicide. Additionally, the

11

employee testified, without objection, that following an argument between Thompson and the victim on a different date and time, Thompson became upset and told the employee directly that she was going to shoot the victim. This was a statement made by Thompson and was admissible evidence that was in line with the substance of the Mother Statement.

Similarly, the Employee Statement was used to suggest that Thompson obtained the victim's handgun in advance of the shooting, again to suggest a premeditated plan by Thompson to use the handgun offensively against the victim. During her custodial statement, Thompson stated that the Victim had previously "put a gun in [her] possession." Therefore, there was no question that Thompson had possession of the firearm used to shoot the victim prior to the date of the actual shooting and that fact had been established by other, admissible evidence.

The jury rejected both of these suggestions as evidenced by their verdict wherein they found Thompson guilty of the lesser included offense of voluntary manslaughter in lieu of the charged offenses of malice murder and felony murder. If the admission of the two statements was error, we find it highly probable that any such error did not contribute to the verdict that was returned by the jury.

*Judgment affirmed. Doyle, P. J., and Markle, J., concur.*